KAREN L. LOEFFLER
United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:07-cr-00111-RRB-JDR |
| | ) | |
| Plaintiff, | ) | **NOTICE OF INTENT TO** |
| | ) | **SEEK A SENTENCE OF** |
| vs. | ) | **DEATH** |
| | ) | |
| JOSHUA ALAN WADE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF INTENT TO SEEK A SENTENCE OF DEATH

TO THE HONORABLE COURT:

COMES NOW the United States of America, pursuant to 18 U.S.C. § 3593(a), by and through its undersigned counsel, and notifies the Court and Defendant, JOSHUA ALAN WADE, and his counsel Gilbert H. Levy and

Suzanne Lee Elliot, that the Government believes the circumstances of the offenses charged in Counts One and Two of the First Superseding Indictment are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598), of Title 18, of the <u>United States Code</u>, and that the Government will seek a sentence of death for these offenses, that is, carjacking resulting in the death of Mindy Schloss, in violation of Title 18, <u>United States Code</u>, Section 2119(3) as charged in Count One; and use of a firearm during and in relation to a crime of violence resulting in the death of Mindy Schloss in violation of Title 18, <u>United States Code</u>, Section 924(j) as Charged in Count Two, both of which carry a possible sentence of death.

The Government proposes to prove the following factors as justifying a sentence of death:

**A.    <u>Statutory Threshold Findings Enumerated in 18 U.S.C. § 3591(a)(1) and (2)(A)(B)(C) & (D)</u>.**

The government will seek to prove the following threshold findings as the basis for the imposition of the death penalty in relation to Counts One and Two of the First Superseding Indictment:

1. The defendant, JOSHUA ALAN WADE, was 18 years of age or older at the time of the offense. Section 3591(a)(2).

2. The defendant, JOSHUA ALAN WADE, intentionally killed the victim, Mindy Schloss. Section 3591(a)(2)(A).

3. The defendant, JOSHUA ALAN WADE, intentionally inflicted serious bodily injury that resulted in the death of the victim, Mindy Schloss. Section 3591(a)(2)(B).

4. The defendant, JOSHUA ALAN WADE, intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Mindy Schloss, died as a direct result of the act. Section 3591(a)(2)(C).

5. The defendant, JOSHUA ALAN WADE, intentionally engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Mindy Schloss died as a direct result of the act. Section 3591(a)(2)(D).

## B. Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).

The Government will seek to prove the following statutory aggravating factors as the basis for the imposition of the death penalty in relation to Counts One and Two of the First Superseding Indictment:

1. **Heinous, cruel, or depraved manner of committing offense**.

The defendant, JOSHUA ALAN WADE, committed the offenses described in Counts One and Two of the First Superseding Indictment in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim, Mindy Schloss. Section 3592(c)(6).

2. **Pecuniary Gain**.

The defendant, JOSHUA ALAN WADE, committed the offenses described in Counts One and Two of the First Superseding Indictment as consideration for the receipt, or in expectation of the receipt, of anything of pecuniary value, specifically, money. Section 3592(c)(8).

3. **Substantial Planning and Premeditation**.

The defendant, JOSHUA ALAN WADE, committed the offenses described in Counts One and Two of the First Superseding Indictment after substantial

planning and premeditation to cause the death of the victim, Mindy Schloss. Section 3592(c)(9).

### C. Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).

The Government will seek to prove the following non-statutory aggravating factors as the basis for the imposition of the death penalty in relation to Counts One and Two of the First Superseding Indictment:

1. **Previously Committed Another Killing.**

The defendant, JOSHUA ALAN WADE, previously committed another killing not charged in this case in that on or about September 1, 2000, he raped and murdered Della Brown.

2. **Violent Sexual Offender.**

The defendant, JOSHUA ALAN WADE, is a violent sexual offender.

3. **Future Dangerousness.**

The defendant, JOSHUA ALAN WADE, has demonstrated violent and aggressive behavior from on or about the age of ten and continuing into his adult life, and between 2000, and 2007, has violently killed two women, therefore, there is a probability that JOSHUA ALAN WADE will commit criminal acts of violence

that would constitute a continuing threat to society.  See <u>Simmons v. South Carolina</u>, 512 U.S. 154, 162-64 (1994).

    4.  **Low Rehabilitative Potential.**

The defendant, JOSHUA ALAN WADE, has displayed low rehabilitative potential in that WADE has received mental health treatment from on or about the age of ten, yet he continues to act out violently and aggressively towards others.

    5.  **Lack of Remorse.**

The defendant, JOSHUA ALAN WADE, has demonstrated a lack of remorse for his criminal conduct.

    6.  **Post-Offense Obstruction of Justice.**

The defendant, JOSHUA ALAN WADE, obstructed justice after the commission of the offense, in that he concealed and destroyed evidence.

    7.  **Victim Impact Evidence.**

The Defendant caused injury, harm, and loss to Mindy Schloss' family, friends and co-workers because of Mindy Schloss' personal characteristics as an

individual human being and the impact of her death upon her family, friends and co-workers.  18 U.S.C. § 3593(a); See Payne v. Tennessee, 501 U.S. 808, 825-26 (1991).

The United States further gives notice that, in support of the imposition of the death penalty, in addition to evidence of the above-listed aggravating factors, it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as alleged in the First Superseding Indictment as they relate to the background and character of the defendant, JOSHUA ALAN WADE, his moral culpability, and the nature and circumstances of the offenses charged in Counts One and Two of the First Superseding Indictment.

//
//
//
//
//
//
//
//

U.S. v. Joshua Alan Wade
3:07-cr-00111-RRB-JDR					7

Case 3:07-cr-00111-RRB   Document 652   Filed 04/30/09   Page 7 of 8

WHEREFORE, the United States very respectfully requests that its compliance with 18 U.S.C. § 3593(a) be Noted.

RESPECTFULLY SUBMITTED this 30th day of April, 2009, in Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

s/Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Ave., #9, Rm. 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that April 30, 2009, a true and exact copy of the foregoing has been sent via the CM/ECF system to the following counsel of record:

Gilbert H. Levy (Attorney for Defendant)
Suzanne Lee Elliot (Attorney for Defendant)

s/Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U. S. Attorney

U.S. v. Joshua Alan Wade
3:07-cr-00111-RRB-JDR  8