KAREN L. LOEFFLER
United States Attorney

STEVEN E. SKROCKI
STEPHEN COOPER
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail:  steven.skrocki@usdoj.gov
         stephen.cooper@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA ALAN WADE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 3:07-cr-00111-RRB-JDR

**OPPOSITION TO
DEFENDANT'S MOTION
FOR AN EVIDENTIARY
HEARING TO RESOLVE
THE ISSUE OF WHETHER
THE STATE LAW FORBIDS
TELEPHONIC MARRIAGE**

COMES NOW Plaintiff, the United States of America, and opposes

defendant's motion (docket 791) for an evidentiary hearing to determine whether

Alaska law does or does not permit marriages to be solemnized by telephone.

The motion should be denied for several reasons.  Defendant has not met his burden of demonstrating that a factual hearing is appropriate to resolve his question of law.  An evidentiary hearing is limited to making determinations of material fact, and is an inappropriate proceeding to determine what the law is.  The only purpose for defendant's offer of testimony is to show what the Alaska law is, including impermissible opinion testimony on just that issue.  An evidentiary hearing is therefore improper and should be denied.

Additionally and whereas the United States in several court proceeding indicated an evidentiary hearing would be necessary and would take perhaps almost a full business week, further briefing and refinement of the issues presented has confirmed that, in the view of the United States, an evidentiary hearing is not warranted nor necessary.

<u>POINTS AND AUTHORITIES</u>

AN EVIDENTIARY HEARING IS NOT PROPER TO DETERMINE
AN ISSUE OF LAW

a.      <u>Issues of Law Should Not be Determined in an Evidentiary Hearing.</u>

The burden of proving that an evidentiary hearing is necessary lies upon the party seeking the hearing.  Indeed, since "most […] motions can be "heard" effectively on the paper" the "party seeking an evidentiary hearing must carry a

fairly heavy burden of demonstrating a need for special treatment." <u>United States v. McGill</u>, 11 F.3d 223, (1st Cir. 1993).

Here, the defendant seeks a hearing so that he can present evidence from three individuals – Phillip Mitchell, Elizabeth Bakalar and Andrew Klamser– whose statements and opinions present no issue of material fact requiring a hearing.

The purpose of an evidentiary hearing is to resolve issues of material fact that are in dispute:

> Evidentiary hearings need be held only when the moving papers allege facts with sufficient definiteness, clarity and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved.

<u>United States v. Moran-Garcia</u>, 783 F.Supp. 1266, 1269 (S.D.Cal.,1991).  Such a hearing is improper unless defendant presents grounds showing that a genuine fact issue exists requiring a hearing.  <u>United States v. Wilson</u>, 7 F.3d 828, 834-835 (9th Cir. 1993); <u>United States v. Henderson</u>, 241 F.3d 638, 649-650 (9th Cir. 2000).  Facts (not law) must be alleged which would "enable the trial court to

conclude that relief must be granted if the facts alleged are proved." <u>United States v. Carrion</u>, 463 F.2d 704, 706 (9th Cir. 1972).

An evidentiary hearing must be held only when the moving papers allege facts which are sufficiently definite, clear, and specific to enable the trial court to conclude that contested issues of fact exist.  <u>United States v. Ramirez-Garcia</u>, 269 F.3d 945, 947 (9th Cir. 2001).

Here, the defendant moves for an evidentiary hearing to determine whether or not an attempted solemnization of a marriage by telephone can give rise to a legal marriage in Alaska.  This is clearly an issue of law, and not an issue of fact, and is not properly resolved by a fact hearing.

b.    <u>Issues of Domestic Law are not Proper Subjects of Witness Testimony.</u>

In any evidentiary hearing on the issue of whether telephonic solemnizations are proper under Alaska law, defendant would be calling witnesses to testify as to law.  The only fact which defendant would offer would be one that does not require a fact hearing to resolve, i.e., that the state registrar would say his office recently began accepting marriage certificates based on telephonic solemnization.  If that is a fact, it is not one on which plaintiff would offer any evidence because it is immaterial to the legal issue of whether telephonic

marriages are valid.  <u>See</u> Plaintiff's Reply to Opposition to Motion in Limine to Deny Marital Privilege, docket 826 at 15-16, August 10, 2009: Acts of an executive agency which are not consistent with the requirements of law do not alter the existing law.  The issue remains one of law, i.e., what the law requires.

Hence, the only purpose for a fact hearing would be to decide a legal question, i.e., whether or not a telephonic marriage is valid under Alaska law.

Federal Rule of Evidence 26.1 allows for the proof of the laws of a foreign country through expert testimony.  However, it is well established that a witness "cannot give an opinion as to her *legal conclusion*" as to domestic law.  <u>Elsayed Mukhtar v. California State University, Hayward</u>, 299 F.3d 1053, 1066 (9th Cir. 2002).  This prohibition applies even  when the evidence is submitted solely to assist the judge in deciding a motion.  <u>Ideal World Marketing, Inc. V. Duracell, Inc</u>. 15 F.Supp.2d 239, 244 (E.D.N.Y. 1998).

Defendant's sole purpose for calling witnesses at the proposed hearing would be to provide legal conclusions as to the laws of Alaska.  Attorney Bakalar has no first hand knowledge of the facts of this case.  The only testimony she could give would be to repeat her uncertain opinion on what she believes to be a "squishy area of the law," that "absent any direction from the court prohibiting"

the practice, marriages can be solemnized by telephone in Alaska.  Such testimony

may not be received.  And being legal rather than factual in any event, it is an

insufficient and improper basis for ordering an evidentiary hearing.

Whereas the United States indicated that an evidentiary hearing would

probably be warranted, further briefing and refinement of the issues presented has

confirmed that, in the view of the United States, an evidentiary hearing is not

warranted nor necessary.

WHEREFORE, the motion for an evidentiary hearing to determine what

Alaska law does or does not permit in solemnizing a valid marriage should be

denied.

//

//

//

//

//

//

//

//

//

//

RESPECTFULLY SUBMITTED this 12<u>th</u> day of August, 2009, in

Anchorage, Alaska.

                                           KAREN L. LOEFFLER
                                           United States Attorney

                                           s/Steven E. Skrocki
                                           Assistant U.S. Attorney
                                           222 West 7th Ave., #9, Rm. 253
                                           Anchorage, AK 99513-7567
                                           Phone: (907) 271-3668
                                           Fax: (907) 271-1500
                                           E-mail: steven.skrocki@usdoj.gov

                                           s/Stephen Cooper
                                           Assistant U.S. Attorney
                                           101 12th Avenue, Room 310
                                           Fairbanks, AK 99701
                                           Phone: (907) 456-0245
                                           Fax: (907) 456-0577
                                           E-mail: Stephen.cooper@usdoj.gov

<u>Certificate of Service</u>

I hereby certify that on August 12, 2009, a copy of the foregoing was served electronically, via CM/ECF system, on the following counsel of record:

Gilbert H. Levy
Suzanne Lee Elliot
James Adam Bartlett

s/Steven E. Skrocki
Assistant U.S. Attorney