# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  vs.<br><br>JOSHUA ALAN WADE,<br><br>        Defendant. | Case No. 3:07-cr-00111-RRB-JDR<br><br>**<u>ORDER REGARDING DEFENDANT'S RENEWED MOTION TO MODIFY CONDITIONS OF CONFINEMENT</u>**<br><br>(Docket No. 971) |

Defendant, Joshua Alan Wade, filed a *Renewed Motion to Modify Conditions of Confinement* at Docket 971 and requested oral argument on the motion. The Government filed its *Response of the United States to Wade's Motion Seeking Removal from Segregation* at Docket 989. A limited appearance was permitted by Assistant Attorney General John K. Bodick. Docket 993. Oral Argument (under seal) was heard November 10, 2009 before the Magistrate Judge. During the course of the hearing, the Defendant made an oral motion for an evidentiary hearing on the issue of whether Defendant Wade's administrative confinement was interfering with his Constitutional right to assist counsel in preparation of his defense and his Constitutional right to a fair trial.

The threshold issue before the Court at the hearing was whether the Court has jurisdiction to entertain Defendant's *Renewed Motion*. The Court HEREBY FINDS that this Court has jurisdiction to hear Mr. Wade's claim regarding whether his placement in administrative segregation materially affects his ability to confer with his own counsel and to participate in trial preparation.[1] The Court finds that the issues exclusively related to conditions of confinement are outside the jurisdiction of this Court and are properly addressed through administrative remedies with the Department of Corrections or in a civil action under 42 U.S.C. § 1983.[2] Any claims concerning the conditions of confinement cannot be brought in the federal criminal case.[3]

As the court in *Bell v. Wolfish* noted, ". . . the Due Process Clause requires that pretrial detainees 'be subjected to only those 'restrictions and

---

[1] *United States v. Luong*, No. CR. 99-433 WBS GGH, 2009 WL 2852111, at *1 (E.D.Cal. Sept. 2, 2009) ("Such filings may be appropriate in a criminal proceeding where defendant's conditions of confinement affect his ability to consult with counsel or exercise other trial rights.").

[2] The oral argument held by the Court regarding the *Renewed Motion* at Docket 971 was not a hearing to handle an appeal by Defendant of his classification of placement in administrative segregation. To the extent Defendant claims concern the conditions of his confinement, they cannot be raised as part of his federal criminal case. *See United States v. Hollis*, No. CR-F-08-276-OWW, 2009 WL 902062, at *1 (E.D.Cal. April 1, 2009) ("... [Defendant] cannot bring a civil rights action based on the conditions of his present confinement in [jail] unless and until he has completed administrative remedies provided by the [jail] for the processing of grievances prior to filing suit.").

[3] *Id.*

2

privations' which 'inhere in their confinement itself or which are justified by compelling necessities of jail administration.'"[4] The presumption of innocence has no application to a determination of the rights of a pretrial detainee during confinement prior to trial.[5]  The Magistrate Judge finds that these rights are adequately protected by the administrative remedies afforded to inmates as noted in *Procunier v. Martinez* wherein the court held that "courts are ill equipped to deal with the increasingly urgent problems of prison administration,' and determined it would "not [be] wise for [it] to second-guess the expert administrators on matters on which they are better informed."[6]

      Mr. Wade argues that his current conditions of confinement are improper. With the exception of the limited jurisdiction to hear argument on whether the conditions prevent him from assisting his counsel in his defense, this Court will not consider a motion regarding a request for a change in the conditions of his confinement. As such, this Court will not address those issues raised by Mr. Wade.[7]

      Acknowledging that the Court does have jurisdiction to consider whether

---

[4] 441 U.S. 520, 531 (1979); quoting *Wolfish v. Levi*, 573 F.2d 118, 124 (2nd Cir.1978).

[5] *Bell*, 441 U.S. at 531.

[6] 416 U.S. 396, 405 (1974).

[7] In *United States v. Hollis*, the court held that claims regarding the defendant's "conditions of his confinement at the [jail] must be made in an appropriate civil rights complaint." *Id.*

3

the conditions of Mr. Wade's confinement prevent him from aiding his attorneys in his defense and obtaining a fair trial, Mr. Wade must proffer some evidence to show that he is, in fact, unable to effectively assist counsel due to the conditions of his confinement. The burden of proof is on the moving party. Defendant must do more than offer conclusory statements that the conditions of his confinement are affecting his mental state and, therefore, his ability to assist counsel. To merely state that Defendant is suffering from his confinement is not sufficient to meet Defendant's burden of going forward and to trigger an evidentiary hearing.

Should Defendant elect to pursue his request for an evidentiary hearing, counsel should file a formal request for an evidentiary hearing with the Court and proffer evidence beyond what was given at the oral argument on his *Renewed Motion* regarding what he intends to prove at an evidentiary hearing. The Defendant should proffer evidence demonstrating that the conditions of his confinement directly adversely affect his ability to exercise his Constitutional rights in the federal case. The Court will not consider evidence related solely to the conditions of confinement.

DATED this  13th  day of November, 2009, at Anchorage, Alaska.

 /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

4