The Honorable Ralph R. Beistline

Law Office of Suzanne Lee Elliott
1300 Hoge Building
705 Second Avenue
Seattle, WA 98104-1705
(206) 623-0291

Gilbert H. Levy
Attorney at Law
2003 Western Ave., Suite 330
Seattle WA 98121
(206) 443-0670

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA ALAN WADE,<br><br>Defendant. | No. 3:07-cr-0111-RRB-JDR<br><br>MEMORANDUM IN SUPPORT OF MOTION TO SHOW CAUSE WHY THIS COURT SHOULD NOT DISMISS ALL COUNTS BECAUSE OF THE ANCHORAGE CORRECTIONAL COMPLEX'S CONTINUING VIOLATIONS OF WADE'S RIGHT TO COUNSEL |

**FACTS**

The Anchorage Correctional Complex is violating Wade's right to communicate confidentially with his counsel. On October 28, 2009 counsel sent via FedEx a package of correspondence to Mr. Wade. That mail was marked in red ink "special legal mail open only in presence of inmate." Mr. Wade received the package opened and on the front of it was a post-it-note that was reproduced on my copies, which states "Opened by mistake. Mailroom." *See* Exhibit 1.

SEALED MEMO IN SUPPORT OF MOTION TO
EXCLUDE EXPERT TESTIMONY RE: ZIP TIES – 1

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

*U.S. V. WADE*, NO. 3:07-CR-0111-RRB-JDR

1    On November 5, 2009, Mr. Wade received correspondence from counsel. He received it in a large manila envelope. The shipping address had been cut so that one could not see the special legal mail stamp. In addition the materials had been removed from the FedEx envelope and placed in a totally separate envelope. *Id*.

On December 7, 2009, counsel sent a large stack of materials to Wade. The envelope and cover letter clearly identified the materials as covered by the attorney-client privilege. That letter was once again opened and repackaged by the mailroom before being delivered to Wade on December 11, 2009.

**ARGUMENT**

Effective representation requires that a criminal defendant be permitted to confer in private with his or her attorney. Opening legal mail in presence of inmates, without reading it, accommodates prison's security concerns while protecting inmates' right to private communications with attorneys. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). In this case, however, the Anchorage Correctional Complex has continued to open, examine and repackage Wade's mail outside his presence.

The Ninth Circuit has held that "government interference with a defendant's relationship with his attorney may render counsel's assistance so ineffective as to violate ... his Fifth Amendment right to due process of law." *United States v. Irwin*, 612 F.2d 1182, 1185 (9th Cir. 1980). "'[A] claim of outrageous government conduct premised upon deliberate intrusion into the attorney-client relationship will be cognizable where the defendant can point to actual and substantial prejudice.'" *United States v. Haynes*, 216 F.3d 789, 797 (9th Cir. 2000) (quoting *United States v. Voigt*, 89 F.3d 1050, 1067 (3rd Cir. 1996)). A claim of government interference with the attorney-client relationship has three elements: (1) the government was objectively aware of an ongoing, personal

SEALED MEMO IN SUPPORT OF MOTION TO
EXCLUDE EXPERT TESTIMONY RE: ZIP TIES – 2

*U.S. V. WADE*, NO. 3:07-CR-0111-RRB-JDR

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

1  attorney-client relationship; (2) the government deliberately intruded into that

2  relationship; and (3), as a result, the defendant suffered actual and substantial prejudice.

3  *Voigt*, 89 F.3d at 1067.

4      The Anchorage Correctional Complex employees' conduct is clearly a violation of

5  *Wolff* and Alaska DOC Policy 808.01 VIII (D) which provides that: "The Department may

6  open and search legal correspondence for contraband only in the presence of the

7  defendant."  In addition, it is a federal crime for any unauthorized person to open mail.  18

8  U.S.C. § 1703.

9      Counsel has attempted to remedy this problem with the jail administration to no

10  avail. Exhibit 1.

## CONCLUSION

For the foregoing reasons, this Court should order the Anchorage Correctional Complex administration to appear and show cause why these charges should not be dismissed because of continuing violations of Wade's right to counsel.

DATED this day 16th of December, 2009.

/s/Suzanne Lee Elliott
Law Office of Suzanne Lee Elliott
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104
Phone (206) 623-0291
Fax (206) 623-2186
Email: Suzanne-elliott@msn.com

## CERTIFICATE OF SERVICE

I, SUZANNE LEE ELLIOTT, hereby certify that on December 16, 2009, I filed foregoing document with the United States District Court's Electronic Case Filing

SEALED MEMO IN SUPPORT OF MOTION TO
EXCLUDE EXPERT TESTIMONY RE: ZIP TIES – 3

*U.S. V. WADE*, NO. 3:07-CR-0111-RRB-JDR

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

1 (CM/ECF) system, which will serve one copy by email on Assistant United States
2 Attorney STEVEN SKROCKI and STEVE COOPER.
3
4 /s/Suzanne Lee Elliott
Law Office of Suzanne Lee Elliott
1300 Hoge Building
5 705 Second Avenue
Seattle, Washington 98104
6 Phone: (206) 623-0291
Fax: (206) 623-2186
7 Email: suzanne-elliott@msn.com
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

SEALED MEMO IN SUPPORT OF MOTION TO
EXCLUDE EXPERT TESTIMONY RE: ZIP TIES – 4

*U.S. V. WADE*, NO. 3:07-CR-0111-RRB-JDR

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186