KAREN L. LOEFFLER
United States Attorney

STEVEN E. SKROCKI
STEPHEN COOPER
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
Steven.Skrocki@usdoj.gov
Stephen.Cooper@usdoj.gov

RICHARD E. BURNS
Trial Attorney
Capital Case Unit
U.S. Department of Justice
1331 F Street NW
Washington, DC 20530
Tel: (202) 353-7172
Fax: (202) 353-9779
Richard.Burns@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:07-cr-00111-RRB-JDR |
| | ) | |
| Plaintiff, | ) | RESPONSE OF THE UNITED |
| | ) | STATES TO DEFENDANT |
| vs. | ) | WADE'S MOTION TO SHOW |
| | ) | CAUSE WHY COURT |
| JOSHUA ALAN WADE, | ) | SHOULD NOT DISMISS ALL |
| | ) | COUNTS AND MOTION TO |
| Defendant. | ) | STRIKE ORDER TO SHOW |
| | ) | CAUSE |
| | ) | |
| | ) | |

The United States files with the court a response in opposition to Wade's

Motion To Show Cause/Motion to Dismiss concerning the Anchorage

Correctional Complex's opening of his legal mail without his presence.  Wade's

motion seeking dismissal of charges is totally without merit as he fails to establish actual or substantial prejudice or any prejudice at all. For the reasons set forth herein Wade's motion should be denied.

I.   FACTS

Based on conversations with Department of Corrections personnel the United States provides the following: the Department of Corrections (DOC) concedes that Wade's mail was inadvertently opened three times outside of his presence.  In order to fully remedy the situation, mailroom personnel have been appropriately counseled with respect to the correct procedures with regard to inmate legal mail and adhering to those procedures. Wade has filed a formal grievance within DOC procedures and that grievance has been answered.

In light of these actions, no further action by this court or DOC is required. Nevertheless, Wade's motion seeks extraordinary relief. As provided below his motion fails in its burden to establish actual and substantial prejudice.  Given that failure, the motion should be dismissed.

//

//

//

II. THE ALLEGED FACTS FAIL TO WARRANT DISMISSAL OF THE INDICTMENT AND THE MOTION TO SHOW CAUSE SHOULD BE STRICKEN

Wade's motion seeks outright dismissal of the charges, a truly extraordinary and unwarranted remedy. Wade's motion, however, is leagues away from justifying any court action at all, let alone total dismissal.

In the first instance, opening of the legal mail was not intentionally undertaken for the purpose of interfering with the attorney-client privilege. Next, there is no allegation nor evidence that the mail was read or, even if read, any of the correspondence was communicated to any member of the prosecution's trial team–it was not. Wade cannot, therefore, establish any of the factors he pleads. In order to prevail Wade has the burden of showing more than opening of the mail outside his presence. Here, there is no objective knowledge conveyed to those involved in the criminal prosecution, no facts establishing a deliberate intrusion into the attorney-client relationship, no outrageous government conduct nor, *"any actual and substantial prejudice."* *United States v. Haynes*, 216 F.3d 787, 797 (9th Cir. 2000); *United States v. Voigt*, 89 F.3d 1050, 1067 (3rd Cir.1996)

Wade's claim fails to show any actual injury or improper motive by Anchorage Jail staff. The pleadings fail to allege that he suffered any direct injury

from the opening of his mail, such as the exposure of confidential communications, legal strategy, identification of defense witnesses and the like. In fact, there is nothing before this Court which establishes what the correspondences actually contained or of what they might have been concerning. Wade does not inform this court that he suffered any direct injury resulting from jail employees actions, nor does he allege they have read the contents, learned of their contents, nor obstructed in any way the delivery of the mail to him.

In sum, the administrative remedies at the Anchorage Jail have been put into place and addressed. Training has been provided and Wade's grievance addressed. Any further legal action should be filed in a civil suit outside the confines of this prosecution. Based on these facts, the Court should deny the motion to dismiss and order to show cause.

III.   CONCLUSION

It appears, therefore, that Wade has availed himself of the appropriate DOC grievance procedures with respect to this issue and that the grievance has been answered. Moreover, Wade cannot, and does not allege nor establish any prejudice with respect to the opening of his legal mail outside his presence. Finally, without a showing of prejudice, and given that his remedies should be

addressed in a separate civil suit, his motion must be denied, and the order to show cause stricken.

RESPECTFULLY SUBMITTED this 22nd day of December, 2009, at Anchorage, Alaska.

> KAREN L. LOEFFLER
> United States Attorney
>
> s/Steven E. Skrocki
> STEVEN E. SKROCKI
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-3668
> Fax: (907) 271-1500
> Steven.Skrocki@usdoj.gov

Certificate of Service

I hereby certify that on December 22, 2009, a copy of the foregoing was served electronically, via the CM/ECF system, on the following counsel of record:

Gilbert H. Levy
Suzanne Lee Elliot
James Adam Bartlett

s/Steven E. Skrocki
Assistant U.S. Attorney